Date signed March 22, 2010



**JAMES F. SCHNEIDER**
**U. S. BANKRUPTCY JUDGE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re: | * | Case No. 08-27450-JS |
| ALAN BRIAN FABIAN, | * | (Chapter 7) |
| Debtor | * | |
| * * * * * * | * | * * * * * * |
| ZVI GUTTMAN, Chapter 11 Trustee for Strategic Partners Int., Inc., | * * | |
| Plaintiff | * | |
| v. | * | Adv. Proc. No. 09-0443-JS |
| ALAN BRIAN FABIAN, | * | |
| Defendant | * | |
| * * * * * * * | * | * * * * * |

### MEMORANDUM OPINION DENYING DEFENDANT'S MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT

A hearing was held on the defendant's motion to dismiss and/or for summary

judgment.  For the reasons stated, the motion will be denied.

*FINDINGS OF FACT*

1.  On December 31, 2008, Alan Brian Fabian, the debtor (hereafter "Fabian" or "the debtor") filed the instant voluntary Chapter 7 bankruptcy petition in this Court.

2.  On January 9, 2009, Monique D. Almy, Esquire, was appointed Chapter 7 trustee upon the resignation or declination of the interim trustee, Marc H. Baer, Esquire.

3.  At all relevant times, Fabian was the manager or person in control of a Maryland corporation known as Strategic Partners International, Inc. (hereafter "SPI"), located at 10480 Little Patuxent Parkway, Suite 400, Columbia, Maryland 21044.

4.  On August 31, 2004, an involuntary Chapter 7 bankruptcy petition was filed against SPI in this Court (Case No. 04-30227-NVA).  On September 27, 2004, the debtor consented to an order for relief and moved to convert the case to a proceeding under Chapter 11, which was granted by order [P. 28] dated October 6, 2004.  On December 15, 2004, Zvi Guttman, Esquire, was appointed Chapter 11 trustee ("Guttman," or "Chapter 11 trustee") by order [P. 95].

5.  On February 21, 2006, Guttman filed two adversary proceedings for the recovery of fraudulent conveyances, one against the Cambridge School and the Market Development Group, Adv. Proc. No. 06-01202; and one against Fabian and

2

others, Adv. Proc. No. 05-01203.  On March 22, 2006, Guttman filed a third adversary proceeding for the recovery of fraudulent conveyances against Fabian and others, Adv. Proc. No. 06-1319.   On April 12, 2006, Guttman filed a fourth adversary proceeding for the recovery of fraudulent conveyances against Sentient Jet and others, Adv. Proc. No. 06-1364.  On October 4, 2006, the Guttman filed six (6) additional adversary proceedings against Fabian and others for the recovery of alleged fraudulent conveyances: *Guttman v. Competitive Innovations LLC*, Adv. Proc. No. 06-01727;[1] *Guttman v. Ocean Quest LLC, etal*., Adv. Proc. No. 06-1728; *Guttman v. Special Properties, Inc.*, Adv. Pr oc. No. 06-1729; *Guttman v. Fabian*, Adv. Proc. No. 06-1733; *Guttman v. Barclays Bank, PLC, etal.*, Adv. Proc. No. 06-1735;[2] and *Guttman v. Center for Management and Technology, Inc., etal.*, Adv. Proc. No. 06-1745.  On December 1, 2006, the Guttman filed an eleventh suit against Fabian's wife, Jacqueline M. Richards-Fabian, for the recovery of a fraudulent conveyance, Adv. Proc. No. 06-1986.[3]

---

[1]This adversary proceeding was dismissed after settlement.

[2]This adversary proceeding was voluntarily dismissed by the trustee.

[3]The suits in which Fabian was named as a party defendant were stayed by the imposition of the automatic stay on December 31, 2008, when Fabian filed his Chapter 7 bankruptcy petition.

6.  In August 2007, Fabian was indicted by a Federal grand jury in the District of Maryland on charges of mail fraud and money laundering in connection with the sale-leaseback scheme.  On August 10, 2007, the U.S. District Court (Garbis, J.) issued a protective order that prohibited Fabian from transferring, encumbering or otherwise disposing of property of the SPI estate.  While the criminal prosecution was proceeding, the adversary proceedings in the bankruptcy court were held in abeyance.

7.  In May 2008, Fabian pleaded guilty in the U.S. District Court to mail fraud and subscribing a false tax return, at which time he admitted having committed fraud in connection with the sale-leaseback scheme.  Plea Letter dated May 12, 2008, Exhibit A to the Complaint.

8.  On October 31, 2008, Fabian was sentenced by the U.S. District Court to 188 months' imprisonment dating from January 7, 2008, and was ordered to pay restitution in the amount of $40,162,633.82.  Fabian is currently incarcerated.

9.  By letter to this Court dated February 9, 2009, Guttman reported that no settlements had been reached in the eleven pending adversary proceedings.

10.  On June 30, 2009, Guttman filed the instant adversary proceeding on behalf of SPI against Fabian to determine dischargeability of debt pursuant to Section

523(a)(2)(a), (a)(4) and (a)(6) of the Bankruptcy Code.[4]  The complaint recited that the Chapter 11 trustee had determined that Fabian and SPI "had entered into a complicated series of transactions involving the sale of computer equipment to, and leaseback from" an entity known as Solarcom, Inc.; that Solarcom had assigned its rights to various financial institutions; that much of the equipment that was subject to

---

[4]Section 523(a)(2)(A), (a)(4) and (a)(6) provide, as follows:

### § 523. Exceptions to discharge

(a)  A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt–

     *           *           *           *

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by–

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

     *           *           *           *

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity[.]

11 U.S.C. § 523(a)(2)(A), (a)(4) and (a)(6).

the sale and leaseback agreements either did not exist or was never acquired by SPI; that the prices of the said equipment were inflated and that "millions of dollars of funds that SPI received in connection with these transactions had been systematically converted by the debtor (Fabian) for his own personal use and/or benefit." Complaint, ¶¶ 9 and 10.

11. Fabian filed several answers to the instant complaint which this Court has treated as a motion to dismiss or in the alternative, as a motion for summary judgment. In his various answers, Fabian set forth the following grounds for dismissal: (1) limitations; (2) failure to state a claim for which relief may be granted; (3) failure to allege fraud with particularity; (4) failure to timely file the complaint; (5) lack of standing; (6) that the doctrine of *in pari delicto* bars the complaint; (7) that the complaint is barred by the doctrines of collateral estoppel and *res judicata*; and (8) this Court has no subject matter jurisdiction to determine the debt to be nondischargeable because the obligation to pay restitution is not property of the bankruptcy estate.

### *CONCLUSIONS OF LAW*

### SUBJECT MATTER JURISDICTION

1. In this adversary proceeding, the Chapter 11 trustee of SPI seeks a nondischargeable judgment against Fabian for damages to the Chapter 11 debtor,

based upon actual fraud, embezzlement, larceny and willful and malicious injury. The instant complaint to determine dischargeability of debt is a core proceeding over which this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157(b)(2)(I) and 1334. Venue is proper pursuant to 28 U.S.C. § 1409.

STANDARD FOR RULING ON A Fed. R. Civ. P. 12(b)(6) MOTION TO DISMISS[5]

2. As the Fourth Circuit U.S. Court of Appeals stated in the case of *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir.1999), "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint; 'importantly, [a Rule 12(b)(6) motion] does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Id.*, quoting *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir.1992). In determining whether to grant a motion to dismiss pursuant to Rule 12(b)(6), all well-pleaded allegations in the complaint are accepted as true, as

---

[5]Federal Rule of Civil Procedure 12(b)(6) provides, as follows:

**Federal Rule of Civil Procedure Rule 12(b)(6)**

(b) **How to Present Defenses.** Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

(6) failure to state a claim upon which relief can be granted[.]

*Id.*

7

well as all reasonable inferences to be drawn therefrom in a light most favorable to the plaintiff. *Liebmann v. French (In re French)*, 303 B.R. 774, 777 (Bankr. D. Md. 2003), *aff'd*, 320 B.R. 78 (D. Md. 2004), 440 F.3d 145 (4th Cir.2006); *Hemelt v. Pontier (In re Pontier)*, 165 B.R. 797, 798-99 (Bankr. D. Md. 1994). The motion to dismiss will be denied, because at this stage of the proceedings, the plaintiff has set forth sufficient facts to survive the motion, as explained below.

STANDARD FOR RULING ON A Fed. R. Civ. P. 56
MOTION FOR SUMMARY JUDGMENT[6]

---

[6]Federal Rule of Civil Procedure 56(c) provides, as follows:

Federal Rule of Civil Procedure 56(c)

(c) **Time for a Motion, Response, and Reply; Proceedings.**

(1)  These times apply unless a different time is set by local rule or the court orders otherwise:

(A)  a party may move for summary judgment at any time until 30 days after the close of all discovery;

(B) a party opposing the motion must file a response within 21 days after the motion is served or a responsive pleading is due, whichever is later; and

(C)  the movant may file a reply within 14 days after the response is served.

(2)  The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that

8

3.   With respect to the proper standard for deciding motions for summary

judgment pursuant to Federal Rule of Civil Procedure 56(c), the U.S. Supreme Court

stated in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552-53, 91

L. Ed.2d 265, 273-74 (1986) :

> Under Rule 56(c), summary judgment is proper "if the pleadings,
> depositions, answers to interrogatories, and admissions on file, together
> with the affidavits, if any, show that there is no genuine issue as to any
> material fact and that the moving party is entitled to a judgment as a
> matter of law." In our view, the plain language of Rule 56(c) mandates
> the entry of summary judgment after adequate time for discovery and
> upon motion, against a party who fails to make a showing sufficient to
> establish the existence of an element essential to that party's case, and on
> which that party will bear the burden of proof at trial.   In such a
> situation, there can be "no genuine issue as to any material fact," since
> a complete failure of proof concerning an essential element of the
> nonmoving party's case necessarily renders all other facts immaterial.
> The moving party is "entitled to a judgment as a matter of law" because
> the nonmoving party has failed to make a sufficient showing on an
> essential element of her case with respect to which she has the burden of
> proof.   "[T]h[e] standard [for granting summary judgment] mirrors the
> standard for a directed verdict under Federal Rule of Civil Procedure
> 50(a)...."

*Id.*, quoting Rule 56(c) and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106

S.Ct. 2505, 2511, 91 L. Ed.2d 202 (1986).  *See also* the recent opinion of the Fourth

---

there is no genuine issue as to any material fact and that the movant is
entitled to judgment as a matter of law.

*Id.*

Circuit in the case of *Cloaninger ex rel. Estate of Cloaninger v. McDevitt*, 555 F.3d 324, 332 (4th Cir.2009), where it is stated:

> . . . [a]t the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." [quoting *Scott v. Harris*, 550 U.S. 372, 127 S.Ct. 1769, 1774, 167 L. Ed.2d 686 (2007)], (quoting Fed. R. Civ. P. 56(c)). Moreover, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.... Factual disputes that are irrelevant or unnecessary will not be counted."

*Id*., quoting *Anderson*, 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L. Ed.2d 202 (1986). (emphasis in original). The defendant's motion for summary judgment will be denied, because the plaintiff has not demonstrated the nonexistence of a genuine dispute of any material fact and that he is entitled to judgment as a matter of law, as explained below.

## LIMITATIONS

4.   Fabian filed his Chapter 7 bankruptcy petition on December 31, 2008. Federal Rule of Bankruptcy Procedure 4007(c) provides that a complaint to determine nondischargeability of debt "shall be filed no later than 60 days after the first date set for the meeting of creditors," but that [o]n motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired." Fed. R. Bankr. P. 4007(c). In the

instant case, Fabian's meeting of creditors was held on February 5, 2009.  Therefore, April 6, 2009 was the original time limit for filing nondischargeability complaints. However, on April 1, 2009, within the original time limit, Guttman filed his motion to extend time to file complaints to determine nondischargeability of debt [P. 56].  On April 8, 2009, this Court granted the motion and extended the deadline to file such complaints through and including June 30, 2009, the date upon which the instant complaint was filed.

5.  In addition, Section 108(c) of the Bankruptcy Code[7] extended for a period of two years from the petition date, that is, until December 31, 2010, any applicable limitations period for unexpired causes of action against the debtor.  The debtor's admission of having committed fraud contained in the plea letter dated May 12, 2008, (the agreement that confirmed his guilty plea in the criminal proceeding), supplied a basis for the instant complaint and the date from which the instant cause of action can be pinpointed, well within the three-year statutory period for commencing a civil

---

[7]Section 108(c) provides as follows:

### § 108.  Extension of time

\*        \*        \*        \*        \*

(c)  Except as provided in section 524 of this title, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, or against an individual with respect to which such individual is protected under section 1201 or 1301 of this title, and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of–

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim.

11 U.S.C. § 108(c).

12

action in Maryland.[8]  Another provision of the Maryland Code authorizes an action

for fraud to be brought upon discovery.[9]  The cause of action contained in the instant

complaint was brought timely under either section of the Maryland statute.

## STANDING TO SUE

5.  The debtor asserted that the causes of action available to Guttman as plaintiff

in this adversary proceeding are limited to those provided to trustees in Sections 541,

544, 547, 548 and 550 of the Bankruptcy Code.  In other words, it is the debtor's

position that the Guttman as a bankruptcy trustee has no standing to bring a cause of

action against the debtor based on the nondischargeability of a debt.  The argument

is disingenuous because Guttman has not brought the instant complaint against the

debtor as *his* trustee; rather, Fabian is being sued for a nondischargeable debt by

Guttman as a creditor of Fabian's Chapter 7 estate in Guttman's role as the Chapter

---

[8]*See* Maryland Cts. & Jud. Proc. Code, § 5-101, which provides as follows: "A civil action at law shall be filed within three years from the date it accrues unless another provision of the Code provides a different period of time within which an action shall be commenced."

[9]*See* Maryland Cts. & Jud. Proc. Code § 5-203, which provides as follows: "If the knowledge of a cause of action is kept from a party by the fraud of an adverse party, the cause of action shall be deemed to accrue at the time when the party discovered, or by the exercise of ordinary diligence should have discovered the fraud."

11 trustee of SPI. A debtor or any creditor may file a complaint to obtain a determination of the dischargeability of any debt. According to Federal Rule of Bankruptcy Procedure 4007(a), ". . . a trustee of one bankruptcy estate has standing to file a complaint to determine dischargeability in another bankruptcy case. *Cundiff v. Cundiff (In re Cundiff)*, 227 B.R. 476, 478 (BAP 6th Cir. 1998), citing *Berkowitz v. Muller (In re Muller)*, 111 B.R. 911, 912 (Bankr. S.D. Cal. 1990) (noting, however, that "a trustee does not have standing to file a complaint to determine dischargeability in the case in which the trustee serves," citing *Houghton v. Hovatter (In re Martin)*, 64 B.R. 638, 639 (Bankr. D. Del.1986).

FAILURE TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED

6. Fabian's motion to dismiss must be denied because the instant complaint adequately sets forth a sufficient basis to determine the alleged debt owed by Fabian to be nondischargeable, based upon fraud, misrepresentation, embezzlement, larceny and willful and malicious injury. Contrary to Fabian's position, this Court finds that the instant complaint has set forth allegations of his commission of actual fraud with sufficient particularity to satisfy the requirements of Federal Rule of Civil Procedure 9(b).

14

GENUINE DISPUTES OF MATERIAL FACTS BAR SUMMARY JUDGMENT

7.  Fabian's answer, in which he denied the material facts alleged in the instant complaint prevent this Court from granting summary judgment in his favor.

THE DOCTRINE OF *IN PARI DELICTO*

8.  Fabian has invoked the doctrine of *in pari delicto* as a bar to the instant complaint.  The doctrine has been explained as follows:

> The common-law doctrine of *in pari delicto* (meaning "of equal fault") is often described as an affirmative defense that bars a wrongdoer from recovering against his alleged coconspirators.  *See Perma Life Mufflers, Inc. v. International Parts Corp.*, 392 U.S. 134, 135, 138, 88 S.Ct. 1981, 20 L. Ed.2d 982 (1968), *overruled on other grounds by Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 104 S.Ct. 2731, 81 L. Ed.2d 628 (1984); *Burlington Indus., Inc. v. Milliken & Co.*, 690 F.2d 380, 387 (4th Cir.1982).

*Logan v. JKV Real Estate Servs. (In re Bogdan)*, 414 F.3d 507, 514 (4th Cir. 2005), *certiorari denied sub. nom Stewart Title Guaranty Co. v. Logan,* 546 U.S. 1093, 126 S.Ct. 1052, 163 L. Ed.2d 859 (2006).  The doctrine does not bar the Chapter 11 trustee in the instant adversary proceeding from bringing suit against Fabian for damages Fabian allegedly caused the Chapter 11 debtor corporation based upon fraud and other allegations of wrongdoing.  *See, e.g.,  Sender v. Mann*, 423 F. Supp.2d 1155, 1172-73 (D. Colo. 2006); *Hudgins v. Shah (In re Sys. Eng'g & Energy Mgt. Associates, Inc.)*, 252 B.R. 635 (Bankr. E.D. Va. 2000).

15

DOCTRINES OF *RES JUDICATA* AND COLLATERAL ESTOPPEL

9.  Doctrines of *res judicata*[10] and collateral estoppel[11] that bar the litigation of causes of action and issues previously decided against a party seeking to relitigate

---

[10]In the case of *Grausz v. Englander (In re Grausz)*, 321 F.3d 467, 472 (4th Cir. 2003), the Fourth Circuit set forth the standard by which this Court must determine whether a previous federal judgment bars subsequent litigation because of principles of *res judicata*.  There, the court stated:

> We look to *res judicata* principles developed in our own case law to determine whether an earlier federal judgment, including the judgment of a bankruptcy court, bars a claim asserted in a later action. The later claim is precluded when: 1) the prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process; 2) the parties are identical, or in privity, in the two actions; and, 3) the claim[ ] in the second matter [is] based upon the same cause of action involved in the earlier proceeding.

*Id.* (internal citations omitted.), quoted in *In re Smith*, 401 B.R. 733, 736 (Bankr. D. Md. 2008).

[11]"Collateral estoppel is a doctrine of preclusion created to 'foreclose [ ] the relitigation of issues of fact or law that are identical to issues which have been actually determined and necessarily decided in prior litigation in which the party against whom [issue preclusion] is asserted had a full and fair opportunity to litigate.' *Sedlack v. Braswell Servs. Group, Inc.*, 134 F.3d 219, 224 (4th Cir.1998) (internal quotation marks and citation omitted).  In order for collateral estoppel to apply, the 'proponent must demonstrate that (1) the issue or fact is identical to the one previously litigated; (2) the issue or fact was actually resolved in the prior proceeding; (3) the issue or fact was critical and necessary to the judgment in the prior proceeding; (4) the judgment in the prior proceeding is final and valid; and (5) the party to be foreclosed by the prior resolution of the issue or fact had a full and fair opportunity to litigate the issue or fact in the prior proceeding.'" *Muse v. Day (In re Day)*, 409 B.R. 337, 342 (Bankr. D. Md. 2009).

them do not apply in the instant adversary proceeding so as to prevent Guttman from seeking a determination that damages caused by Fabian to SPI are nondischargeable in Fabian's bankruptcy case. The criminal proceedings against Fabian did not involve claims that Fabian had damaged SPI by fraud, misrepresentation, embezzlement or theft. The forfeiture and restitution orders entered in the criminal proceedings by the U.S. District Court were remedies different from the cause of action now being pursued in this Court.[12]

For these reasons, the defendant's motion to dismiss or for summary judgment will be DENIED. The instant complaint will be scheduled for trial.

ORDER ACCORDINGLY.

---

[12]The criminal sentence imposed upon Fabian, including the order for restitution, did not deprive the bankruptcy court of subject matter jurisdiction over the instant complaint to determine nondischargeability of debt. In any event, an obligation for restitution as part of a criminal sentence imposed upon a debtor has long been held to be a nondischargeable debt in bankruptcy, first by judicial opinion in *Kelly v. Robinson*, 479 U.S. 36, 107 S. Ct. 353, 93 L. Ed.2d 216 (1986) (state criminal proceeding), and by statute, 11 U.S.C. § 523(a)(13) (criminal proceedings under Title 18 of the U.S. Code).

cc:    Joel I. Sher, Esquire
Joshua D. Bradley, Esquire
Shapiro Sher Guinot & Sandler
36 South Charles Street, Suite 2000
Baltimore, Maryland  21201
Counsel to the Plaintiff

Zvi Guttman, Esquire
P.O. Box 32308
Baltimore, Maryland  21282-2308
Chapter 11 Trustee for Strategic Partners International, Inc.
Plaintiff

Alan Brian Fabian
Inmate No. 43008-037
Federal Prison Camp
P.O. Box 2000
Lewisburg, Pennsylvania  17837
Defendant

Office of the United States Trustee
2625 U.S. Courthouse
101 West Lombard Street
Baltimore, Maryland 21201